**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jorge GUARIN, Defendant–Appellant.**

No. 89–3278.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1989.

Decided March 14, 1990.

Blas E. Serrano (argued), Office of the U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

William A. Carlin (argued), Carlin & Carlin, Pepper Pike, Ohio, for defendant-appellant.

---

Before KEITH, JONES and BOGGS, Circuit Judges.

BOGGS, Circuit Judge.

Jorge Guarin pled guilty in district court to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court refused to reduce his offense level two points for acceptance of responsibility on the basis of this guilty plea alone, absent any other affirmative indicia of acceptance of responsibility. U.S.S.G. § 3E1.1.

The district court also departed upward from the guideline determination, saying that it would increase Guarin's offense level two points because it had determined that Guarin's base offense level did not sufficiently reflect the extent of his cocaine dealing activities. 18 U.S.C. § 3553(b). Guarin now appeals these two sentencing determinations. Finding no error in these determinations, we affirm.

I

On October 27, 1988, an FBI informant arranged by telephone to sell cocaine to Guarin in Cleveland. Guarin was arrested the following day. Within days of his arrest, Guarin suffered severe withdrawal symptoms from his heroin addiction. At the time of his arrest and for some time thereafter, Guarin refused to assist the authorities with their investigation.

On November 17, 1988, Guarin was indicted for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On December 22, 1988, Guarin pled guilty to the possession charge. The conspiracy charge was dismissed at sentencing.

On March 21, 1989, the district court held a sentencing hearing and found that, under the Sentencing Guidelines, Guarin had a base offense level of 20 and a criminal history category of III. U.S.S.G. § 2D1.1(a)(3) (200–299 grams of cocaine);

U.S.S.G. § 4A1.1(b). This offense level and criminal history category indicated a guideline range of 41–51 months.

At the sentencing hearing, FBI Special Agent Michael Phillips (who was involved in an investigation of cocaine trafficking in Cleveland) indicated that, prior to questioning another participant in the cocaine transactions, Leonel Montoya, on October 27, he had no knowledge of Guarin selling cocaine in Cleveland. Montoya told police that Guarin had been his supplier on a number of occasions. Phillips also noted that another participant in the transactions under investigation, William Sowell, owed Guarin some cash or cocaine.

The presentence report prepared by the probation department recommended that Guarin receive a two-point reduction in his offense level because he accepted responsibility. U.S.S.G. § 3E1.1. The probation department found that Guarin's guilty plea demonstrated such acceptance.

The court rejected this recommendation and refused to reduce his offense level on this basis. It found that Guarin had not been helpful in the government's investigatory efforts, and thus had not demonstrated acceptance of responsibility beyond a guilty plea. The court believed that the guilty plea, absent more, did not merit an offense level reduction for acceptance of responsibility.

The court then made an upward departure, measured by increasing Guarin's offense level two levels, because it felt that Guarin's conduct was more egregious than that evinced by his official guideline offense level. 18 U.S.C. § 3553(b).[1] This offense level increase resulted in a sentencing range of 51 to 63 months. The district court sentenced Guarin to 60 months in prison, three years of supervised release, and a $50 assessment. Guarin appealed.

II

█ Guarin argues that the district court abused its discretion by refusing to

---

1. The court's action should not be characterized as an increase in offense level, as there is no statutory authority for such an increase. 18

U.S.C. § 3553(b) authorizes departure from the guidelines, not an otherwise unauthorized increase in offense level.

reduce his base offense level two points because he pleaded guilty to possession of cocaine with intent to distribute. U.S.S.G. § 3E1.1. Guarin presented no evidence of acceptance of responsibility other than his guilty plea. The court stated that a guilty plea, absent more, was insufficient to fulfill the requirements of this section.

The sentencing guidelines state that a guilty plea alone does not merit, as of right, a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(c). In light of this provision, we find that the district court was not clearly erroneous in refusing to reduce Guarin's offense level.

Guarin argues that the district court expected him to accept responsibility by naming his sources in New York. The conspiracy count, which purportedly involved these cocaine sources in New York, was dismissed. Guarin contends that he need only accept responsibility for offenses to which he has pled guilty. *U.S. v. Perez–Franco*, 873 F.2d 455 (1st Cir.1989).[2]

We find Guarin's use of *Perez–Franco* inappropriate to this case. *Perez–Franco* is instructive only when, absent the district court's allegedly illegitimate expectation, there is clear evidence that the defendant actually accepted responsibility. Indeed, the *Perez–Franco* court remanded the case to determine this question. *U.S. v. Perez–Franco*, 873 F.2d 455, 464 (1st Cir.1989).

Unlike the situation in *Perez–Franco*, the sentencing hearing record here is clear. The district court stated that Guarin had no right to an offense level reduction for acceptance of responsibility for merely pleading guilty. We do not need to remand for further hearings on this question. We thus affirm the district court's refusal to grant Guarin a two-point offense level reduction under U.S.S.G. § 3E1.1.

### III

■ The district court found that the base offense level assigned did not adequately reflect the severity of Guarin's of-

fense and thus departed upward. 18 U.S.C. § 3553(b). In particular, the court felt that Guarin was a more active cocaine dealer in Cleveland than his offense level indicated. Guarin now argues that this increase constituted an abuse of discretion.

Our review of the district court's action is guided by the standards explicated in *United States v. Joan*, 883 F.2d 491 (6th Cir.1989). The *Joan* court adopted, for reviewing departures, a three-step test proposed by the First Circuit in *U.S. v. Diaz–Villafane*, 874 F.2d 43 (1st Cir.1989). The *Joan* court stated:

> The first step is a question of law regarding whether the circumstances of the case are sufficiently unusual to justify departure. Step two involves a determination as to whether there is an actual factual basis justifying the departure. Here, the standard is whether the determination made involves clear error.

*U.S. v. Joan*, 883 F.2d 491, 494 (6th Cir. 1989). "The third step is that, once the Court has assured itself that the sentencing court considered circumstances appropriate to the departure, the degree of departure must be measured by a standard of reasonableness on appeal." *Id.* at 495–96.

Under the first two steps, we find that the circumstances relied upon by the district court were as a matter of law "sufficiently unusual" and that facts justifying the district court's action were in the record. The district court indicated that Guarin was a more active cocaine dealer than indicated by his base offense level. Thus, he depended on cocaine dealing for his livelihood to a greater extent than would another defendant at his offense level. This fact provides a basis for departure. U.S.S.G. § 5H1.9, p.s.; *United States v. Rodriguez*, 882 F.2d 1059, 1068 (6th Cir.1989) ("... criminal livelihood, if not adequately reflected in defendant's offense level, may also justify departure."). Guarin had a prior record for narcotics trafficking, and had distributed cocaine to

**2.** We note that the Fourth Circuit recently joined the Second and Fifth Circuits in rejecting the *Perez–Franco* analysis. *United States v. Gordon,* 895 F.2d 932 (4th Cir.1990). See *United*

*States v. Moskowitz,* 888 F.2d 223 (2d Cir.1989); *United States v. Tellez,* 882 F.2d 141 (5th Cir. 1989).

Sowell, although he had not yet received payment. Evidence demonstrated that Guarin was a supplier to Montoya on this and other occasions.

Under the third step in the *Joan* test, we find that the direction and degree of departure in this case was reasonable. As a procedural matter, we note that 18 U.S.C. § 3553(b) contemplates a departure from the guidelines rather than an increase in the offense level for factors not adequately considered. In this case, the district court stated its departure in terms of an increased sentence analogous to an increase in offense level.

Nonetheless, we may review the propriety of the "departure" by examining the reasonability of the actual sentence imposed. Initially, Guarin had a base offense level of 20 and a criminal history category of III. U.S.S.G. § 2D1.1(a)(3) (200–299 grams of cocaine); U.S.S.G. § 4A1.1(b). This offense level and criminal history category indicated a guideline range of 41–51 months. The judge's departure resulted in a sentencing range of 51 to 63 months. The court imposed a 60–month sentence.

We find this 60–month sentence to be a reasonable departure from the guidelines. Since Guarin distributed the cocaine to Montoya, knowing it would be resold to Sowell, he could have been liable for a two-point offense level increase for being a leader. U.S.S.G. § 3B1.1(c). Thus, the sentencing departure actually imposed for this and other conduct is reasonable. We therefore affirm the district court's action under 18 U.S.C. § 3553(b).

NATHANIEL R. JONES, Circuit Judge, concurring.

The district court committed harmless error by using Guarin's failure to reveal his New York drug sources as a basis for denying Guarin a two-point reduction in his offense level for acceptance of responsibility. It is clear from the record that Guarin offered no evidence of acceptance of responsibility other than his plea of guilty; as such, the district court's impermissible insistence that Guarin reveal his drug sources as evidence of acceptance of responsibility does not change the outcome of this case. Although harmless in the instant case, the error's insidiousness warrants more guidance for district courts than the majority's opinion provides. Specifically, this court should admonish sentencing judges that constitutional considerations and the express language of the Sentencing Guidelines counsel against consideration of a defendant's revelation of his drug sources when determining whether to award a two-point reduction for acceptance of responsibility.

The district court in the instant case erred in two respects by considering Guarin's failure to reveal his New York drug sources. First, and most importantly, the district court violated Guarin's Fifth Amendment privilege against self-incrimination by imposing on Guarin the Hobson's choice of confessing his New York drug contacts or foregoing a two-point reduction in his offense level. In *United States v. Perez–Franco*, 873 F.2d 455, 464 (1st Cir. 1989), the First Circuit held that a sentencing court could not penalize a defendant by refusing to reduce his sentence for acceptance of responsibility where the denial of the reduction was premised on the defendant's refusal to make statements which could incriminate him on charges to which he had not pled guilty. The defendant in *Perez–Franco* was indicted on five counts and entered a plea agreement with the government under which he would plead guilty to Count IV in exchange for the government's dismissal of Counts I, II, and III. Count V had been dismissed prior to the plea agreement. *Id.* at 456. The plea agreement was conditional and at the time of Perez–Franco's interview with the probation officer who authored his presentence report, the counts to be dismissed under the plea agreement were technically still pending. *Id.* at 457–59. Accordingly, Perez–Franco accepted responsibility only for the charge to which he pled guilty and refused to make statements which might incriminate him on the remaining counts. *Id.* at 457. The district court, however, denied Perez–Franco a two-point reduction for acceptance of responsibility because the

defendant refused to comment on charges which were still pending. *Id.* at 457–58.

In remanding the case for resentencing, the First Circuit noted that plea bargains are sometimes breached by the parties and can be rejected by the district court. Hence, statements made by the defendant to a probation officer [1] regarding charges other than those to which the defendant pled guilty could incriminate him with respect to the pending charges. The incrimination would be compelled because "a defendant does not have 'a free choice to admit, to deny, or to refuse to answer' if he knows he will be incarcerated for a longer period of time if he does not make the incriminating statements." *Id.* at 463 (quoting *Garner v. United States,* 424 U.S. 648, 657, 661, 96 S.Ct. 1178, 1183, 1186, 47 L.Ed.2d 370 (1976)). Thus, the district court erred in making Perez–Franco's receipt of a two-point reduction for acceptance of responsibility contingent upon admissions relating to charges to which he had not pled guilty.

Turning to the instant case, at the time Guarin was interviewed by the probation officer who authored his presentencing report, Count I of the indictment, conspiracy to possess with intent to distribute cocaine, was "expected to be dismissed." J.App. at 55. Thus, the charge was technically still pending and statements made by Guarin relevant to the conspiracy count could have incriminated him on that charge. It is not unreasonable to assume that Guarin's revelation of cocaine sources in New York would implicate him in a conspiracy to distribute cocaine with co-defendants Montoya, Warnier, Perry and Sowell. Under the reasoning of *Perez–Franco,* the district

court violated Guarin's Fifth Amendment privilege against self-incrimination by making the offense level reduction for acceptance of responsibility contingent upon Guarin's revelation of his New York cocaine sources.[2] Thus, although I agree with the majority that Guarin could properly have been denied the two-point reduction for acceptance of responsibility even "absent the district court's allegedly illegitimate expectation," I believe that the foregoing amplification of Guarin's constitutional argument is in order so that no other district court commits the same error.

In addition to infringing on Guarin's Fifth Amendment privilege against self-incrimination, the district court's insistence that Guarin reveal his New York drug sources as part of his acceptance of responsibility violated the explicit language of the Sentencing Guidelines. Section 3E1.1 of the Guidelines is the exclusive provision dealing with offense range reductions for acceptance of responsibility. Section 5K1.1 of the Guidelines is an entirely independent provision authorizing a downward departure where a defendant renders substantial assistance in the prosecution or investigation of other persons. The commentary to § 5K1.1 instructs that "[t]he sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility. Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct."

In light of the dangers posed to Guarin's Fifth Amendment rights and the explicit

---

**1.** Fed.R.Evid. 410, "Inadmissibility of Pleas, Plea Discussions, and Related Statements," only precludes the use of statements made in the course of plea discussions if they were "made to a prosecuting attorney." *Perez–Franco,* 873 F.2d at 460–61 (quoting Fed.R.Evid. 410).

**2.** At oral argument, the government suggested that this court's decision in *United States v. Silverman,* 889 F.2d 1531 (6th Cir.1989), is contrary to *Perez–Franco.* Specifically, the government read *Silverman* as giving a court authority to require a defendant to accept responsibility for charges to which he had not pled guilty. No

such holding, however, can be gleaned from *Silverman,* which did not even involve an acceptance of responsibility question. The issue in *Silverman*—" 'If the defendant is indicted on a drug conspiracy charge and multiple substantive counts of drug distribution and pleads to only one substantive count, are the amounts of drugs from the conspiracy and other substantive counts added to the drugs in the count of conviction for purposes of calculation?' "—is not even remotely raised by the current appeal. *Id.* at 1538 (citation omitted).

language of the Commentary to § 5K1.1, I believe it was inappropriate to consider Guarin's inculpation of others in determining whether to award him a two-point reduction for acceptance of responsibility. This case compels such a holding, but the majority declines to announce it. I therefore concur only in the result of Part II of the majority's opinion. However, I fully concur in the remainder of the court's opinion.