917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve Kelly MARTIN, Sr., Defendant-Appellant.
 No. 90-5453.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 14, 1990.
Decided Nov. 8, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-22-5)
 Wayne Eads, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steve Kelly Martin, Sr. pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (Count Four), and one count of using firearms during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c) (Count Five). In exchange for the guilty plea, the government dismissed three other counts involving the distribution of cocaine.[1]
 
 
 2
 At sentencing, the district court departed upward from the Guidelines determination, saying that the Guidelines did not adequately reflect Martin's criminal conduct. 18 U.S.C. Sec. 3553(b). The court sentenced Martin to 41 months on the drug charge and 60 months on the gun charge.[2] Martin excepted to this departure at sentencing and appeals the decision of the district court as error. Finding no error, we affirm.
 
 I.
 
 3
 In April 1989, Martin was arrested following an investigation into his drug activities. He was taken into custody after police observed him conducting a drug transaction involving two ounces of cocaine. In Martin's car, the police found two loaded .38 caliber revolvers. Later, the police discovered $209,598 buried in containers in the ground behind Martin's house; the money had cocaine residue on it and bore Martin's fingerprints.
 
 
 4
 Since the offenses were committed after November 1, 1987, Martin's sentence was governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. Secs. 3351 et seq. (West 1985 & Supp.1989), and the Sentencing Guidelines promulgated by the United States Sentencing Commission. The presentence report set out Martin's base offense level under the Sentencing Guidelines at 16. This base level was increased two levels for Martin's aggravating role in the distribution, then decreased two levels for his acceptance of responsibility. Therefore, the final presentence report offense level was 16. The report established that Martin's criminal history was a category I. Several prior offenses to which Martin pled guilty were not included in the calculation of his criminal history because the probation officer could find no evidence that counsel was present at the convictions. Had those prior offenses been included, Martin would have had a criminal history of category III.
 
 
 5
 The district court determined that the Guidelines did not adequately reflect Martin's criminal conduct in that the money seized was most likely drug related money and that evidence tended to show that Martin was heavily involved in drug trafficking at a level not covered by the applicable Guidelines. Therefore, the court departed upward and imposed a sentence of 41 months for Count Four in addition to 60 months for the gun charge (Count Five).
 
 II.
 
 6
 Title 18 U.S.C.A. Sec. 3353(b) (West Supp.1989) provides that a court may depart from the Guidelines range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." This court has set out a two-prong test for determining whether a sentence should be based on a departure. United States v. Summers, 893 F.2d 63, 66 (4th Cir.1989). The first prong requires that the district court determine that a particular aggravating or mitigating circumstance was not "adequately taken into consideration by the Sentencing Commission." If it was not, then the court must determine that the particular circumstance, either aggravating or mitigating, actually exists in the facts of the case. Id. The second prong allows the district court to depart if it determines that, because of the aggravating or mitigating circumstance, a sentence differing from the Guidelines should result. Id.
 
 
 7
 In the case at hand, the district court found that aggravating circumstances existed which were not "adequately taken into consideration." Those circumstances included the enormous amount of cash found buried in Martin's yard. Martin asserted that he had saved the money; however, the court did not believe him and determined that the money was drug related. The evidence of cocaine traces on the cash further supported the court's determination. The court found that the evidence tended to show that Martin was involved in drug trafficking to an extent greater than that represented by the amount in the count of conviction, in part relying on the fact that over $200,000 could buy at least seven kilograms of cocaine. Further, the court found that Martin's criminal history was inadequately represented by a criminal category of I because he had a history of repeated violence with other people. Because these aggravating circumstances were not adequately considered in the applicable Guidelines sentence at the level set out in the probation report, the district court decided to depart from the Guidelines.
 
 
 8
 "Appellate review of the 'reasonableness' of the decision to depart encompasses both the reasonableness of whether a departure is warranted, as well as the reasonableness of the amount or extent of departure." Summers, 893 F.2d at 66. The determination that an aggravating circumstance was not "adequately taken into consideration" should be reviewed as a question of law. Id. See also United States v. White, 893 F.2d 276, 278 (10th Cir.1990); United States v. Guarin, 898 F.2d 1120, 1122 (6th Cir.1990). The court should consider the language of the Guidelines and the reasonable inferences which may be drawn from them when determining that the Guidelines do not consider certain aggravating circumstances. Summers, 893 F.2d at 67. "To assist in this determination, guidance may be found in the language of particular guidelines and accompanying commentary...." Id. The language of the Guidelines themselves permits departure in Martin's case due to his past convictions which were not included in the criminal history calculation. Section 4A1.3 specifically provides:
 
 
 9
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include ...
 
 
 10
 (a) prior sentence(s) not used in computing the criminal history category.... The court may, after a review of all the relevant information, conclude that the defendant's criminal history was more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines.
 
 
 11
 United States Sentencing Commission, Sentencing Guidelines and Policy Statement, at 4.9 (1989) (hereinafter "Guidelines").
 
 
 12
 Martin argues that it is improper to use the past convictions because they were invalid based on his lack of counsel. This court has noted that the burden of proving a conviction constitutionally invalid rests on the defendant. United States v. Davenport, 884 F.2d 121, 124 (4th Cir.1989). Martin concludes that his convictions were invalid; however, he puts forth no proof other than conclusory statements. Notwithstanding the unsupported conclusions, even if the convictions were deemed to be invalid by this court, they could still be used as a basis for an upward departure under the Guidelines. The commentary to Sec. 4A1.2 states that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score.... Nonetheless, any conviction that is not counted in the criminal history score may be considered pursuant to Sec. 4A1.3 if it provides reliable evidence of past criminal activity." Application Notes, Guidelines at 4.8. As the district court noted, Martin has a history of criminal violence with people evidenced by his prior convictions.[3] Therefore, the district court properly considered the convictions when deciding to depart from the Guidelines regarding the criminal history of Martin.
 
 
 13
 The court also properly departed from the Guidelines based on evidence that Martin had in his possession a vast sum of cash. Martin could not convincingly explain legitimate sources of such a large amount of money. The amount of money, along with the traces of cocaine and Martin's fingerprints attached thereto, indicated that Martin was involved in drug trafficking to a greater extent than indicated by the possession of 89.1 grams of cocaine in the guilty plea. Possession of over $200,000 in cash with traces of cocaine on it was clearly not a circumstance that the Guidelines considered when setting the appropriate level of offense for possession of 89.1 grams of cocaine. As the court noted, Martin could have purchased over seven kilograms of cocaine with that amount of money. Therefore, the court did not err in deciding that the Guidelines for Count Four did not adequately consider the level of involvement in drug trafficking indicated by the vast amount of cash.
 
 
 14
 Once it has been established that the aggravating circumstances were not adequately considered by the Guidelines, this court must review whether there is "sufficient evidence to support a finding that [the aggravating] circumstance on which a departure is based actually exists in the particular case." Summers, 893 F.2d at 67. The standard of review is clearly erroneous given the fact-finding nature of this determination. Id. See 18 U.S.C. Sec. 3742(e); United States v. White, 893 F.2d 276, 278 (10th Cir.1990); United States v. Guarin, 898 F.2d 1120, 1122 (6th Cir.1990). Here, the court had before it ample evidence in the presentencing report to make a finding that the aggravating circumstances existed. With regard to the cash, Martin did not deny that the money was his. Rather, he gave an unconvincing explanation for the money, stating that he had saved it over the years. However, the court did not believe this explanation given that Martin was employed as a carpenter doing manual labor. Further, the court found that Martin had a history of violence with other people based on his prior convictions. Martin argues that those convictions were invalid based on his asserted lack of counsel; however, he does not deny the incidents underlying the convictions. Based on the ample evidence before it, we cannot say that the court was clearly erroneous in finding that Martin was heavily involved in drug activity and had a history of violence.
 
 
 15
 The final issue for appellate review of a departure is determining whether the extent of departure was reasonable. Here, if the district court had sentenced within the Guidelines for a level 16 offense and a criminal history of I, the Guidelines range would have been 21-27 months. At the departed level of 18 with a criminal history of III, the range was 33-41 months. The district court imposed a 41-month sentence. This departure represented a 14-month increase. Such an increase is not unreasonable. The court followed Sec. 4A1.3 by using as a reference the sentencing range that would have been applied had Martin's prior convictions been counted in the criminal history category. That range was 33-41 months given a base offense level of 18 and a criminal history of III.
 
 
 16
 Other courts have held similar increases to be reasonable. In United States v. Joan, 491 F.2d 491 (6th Cir.1989), the Sixth Circuit held that an upward departure of 49 months was not unreasonable. In United States v. White, 893 F.2d 280 (10th Cir.1990), the Tenth Circuit found that the district court's departure was reasonable. There, the court had departed upward, using as a guide the Guidelines range which would have applied had past criminal convictions been counted. The new range was 37-46 months, and the court used that range as a guide in imposing a sentence of 46 months. Id. at 280. The district court in the instant case followed the same procedure. We conclude that the district court acted reasonably by departing upward and increasing the term of imprisonment 14 months in light of Martin's previous activities.
 
 
 17
 Here, the sentencing court's departure was warranted and reasonable, and the judgment is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Initially, Martin was charged with five counts concerning cocaine distribution. Count One was conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 841. Counts Two and Three involved distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(C). Counts Four and Five are described above
 
 
 [2]
 The 60-month sentence was a mandatory minimum sentence. Martin does not attack this 60-month sentence on this appeal
 
 
 [3]
 These prior convictions included resisting and obstructing a public officer, assault on a female, communicating threats, and assault with a deadly weapon