931 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John W. GENTRY and Janet D. Sanders, Defendants-Appellants.
 No. 90-5016, 90-5830.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Having pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846, Gentry and Sanders appeal their respective sentences.
 
 
 2
 Gentry claims 1) that the district court erred in departing upward from the sentencing guidelines on the ground that Gentry had engaged in criminal activity not resulting in a conviction, and 2) that the district court violated due process by failing to notify Gentry prior to the sentencing hearing that the court might depart upward from the guidelines in light of certain evidence presented at the hearing and in the pre-sentencing report.
 
 
 3
 Applying the standards enunciated in United States v. Joan, 883 F.2d 491, 494-96 (6th Cir.1989), we find no error in the district court's decision to depart upward from the guideline sentencing range in accordance with U.S.S.G. Sec. 5K2.0. Evidence in the record indicates that Gentry engaged in substantial criminal activity not resulting in a conviction, and such activity constitutes a sufficient basis for upward departure. See United States v. Guarin, 898 F.2d 1120, 1122 (6th Cir.1990). We also conclude that under the circumstances of this case, the district court provided constitutionally adequate notice at the sentencing hearing of the court's plans to depart upward from the guidelines. Cf. United States v. Burns, 893 F.2d 1343, 1348 (D.C.Cir.), cert. granted, --- U.S. ---- (1990).
 
 
 4
 Sanders claims that the district court's findings that she failed to accept responsibility and that she was not a minimal participant are clearly erroneous. Cf. U.S.S.G. Secs. 3B1.2, 3E1.1. Having reviewed the record, we find no clear error in this regard. Cf. Guarin, 898 F.2d at 1122; United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, --- U.S. ---- (1990).
 
 
 5
 For these reasons, the sentences of both defendants are AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation