983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Edward HUGHLEY, Defendant-Appellant.
 No. 92-5349.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Maurice Edward Hughley pled guilty to violations of 18 U.S.C. §§ 371 (conspiracy), 1708 (theft of stolen mail), 1341 (obtaining money by false pretenses), 1720 (removing and using cancelled stamps and envelopes). Eleven months after his plea and prior to sentencing, defendant, proceeding pro se, filed a motion for withdrawal of his guilty plea. Defendant had previously dismissed two court-appointed attorneys. The motion was denied and defendant was sentenced to 36 months imprisonment. He now appeals.
 
 
 2
 Defendant's first issue concerns the district court's denial of his motion to withdraw his guilty plea under Fed.R.Crim.P. 32. Having carefully reviewed the record and defendant's arguments, we find that the district court did not abuse its discretion because defendant failed to meet his burden of establishing a "fair and just" reason for such relief. United States v. Alexander, 948 F.2d 1002, 1003-04 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1231 (1992); United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987).
 
 
 3
 The record fully supports the district court's finding that defendant was mentally competent.[1] The type of crimes committed by defendant also attest to defendant's mental competency. Further, defendant has not demonstrated that his first attorney's representation was constitutionally ineffective, as required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Finally, defendant has not satisfied any of the conditions articulated by this court as a "just and fair reason" to allow a defendant to withdraw his plea pursuant to Fed.R.Crim.P. 32. See United States v. Spencer, 836 F.2d 236, 238-40 (6th Cir.1987); United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987) (listing as factors when considering a Rule 32 motion: length of time between entry of guilty plea and filing of motion to withdraw; reason why the grounds for withdrawal were not presented to the court earlier; whether defendant has assumed and maintained a stance of innocence; circumstances underlying the entry of the guilty plea; and potential prejudice that would result from punishment). Defendant admitted guilt, waited eleven months to file a motion to withdraw, offered no explanation for the delay, and failed to establish a mental or emotional deficiency. Under these circumstances, no evidentiary hearing was required. See United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987) (although a defendant may be entitled to an evidentiary hearing on a presentence motion to withdraw if factual matters at issue bear directly on the controversy, there was no such showing where transcript of plea established that defendant knowingly and voluntarily entered his plea).
 
 
 5
 Next, defendant objects to the district court's increase of the offense level by two points upon finding that defendant was a leader, organizer or manager of the criminal activity. U.S.S.G. § 3B1.1(c). At sentencing, the lower court based its ruling on a passage in the presentence report which indicated that the Postal Inspector and Hughley's co-defendants stated that Hughley was the mastermind of the conspiracy, that the co-defendants did not know each other, and that they operated at defendant's direction. The court also relied on the pleas of the two co-defendants who informed the court that Hughley was the organizer. Our recent decision in United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc), supports the district court's use of the foregoing information at sentencing. Id. at 1513 (predicating higher sentences on presence of other drug activity discerned through hearsay testimony and evidence in presentence reports which bore "sufficient indicia of reliability to support its probable accuracy"). Moreover, defendant was given timely notice via paragraph 20 of the presentence report that the district court would consider the testimony of his co-defendants. United States v. Anders, 899 F.2d 570, 573 (6th Cir.), cert. denied, 111 S.Ct. 532 (1990); United States v. Notrangelo, 909 F.2d 363, 364-66 (9th Cir.1990).
 
 
 6
 Defendant also claims that he should have been given a two-level reduction in sentence for acceptance of responsibility based upon the fact that he admitted his factual guilt. A guilty plea by itself does not entitle a defendant to a sentence reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, Silverman, 976 F.2d at 1515 (citing United States v. Guarin, 898 F.2d 1120 (6th Cir.1990)), and the defendant bears the burden of proving facts to support a reduction by a preponderance of the evidence. Id. (citing United States v. Rodriguez, 896 F.2d 1031 (6th Cir.1990)). Defendant has not met that burden here.[2]
 
 
 7
 In his third and final claim, defendant argues that the court erred in failing to grant another continuance of the sentencing hearing or in failing to order additional investigation into defendant's previous convictions, upon which his criminal history assessment is based. We disagree. The record reflects that the district court granted defendant several continuances and that he had almost a year to appeal his state sentences. Thus, defendant was afforded ample time to challenge the state convictions.
 
 
 8
 For all the foregoing reasons, defendant's judgment of conviction is AFFIRMED.
 
 
 
 [1]
 The district court stated that defendant's assertion did not amount to an insanity defense and that assuming incompetency was an issue before the court, the court had "observed the defendant on a number of occasions and has seen no evidence that the defendant is mentally incompetent." The court also noted that at a hearing on a motion to withdraw as counsel, the magistrate judge not only found that defendant would be permitted to represent himself, but that "Mr. Hughley is literate, articulate and capable of exercising his rights, as evidenced by the many motions which he has filed in this case."
 
 
 [2]
 Contrary to defendant's assertion, the district court did not rely on a letter allegedly written by defendant wherein he attempted to influence another person to commit perjury on his behalf. See Jt.App. at 353