978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene FRENCH, Defendant-Appellant.
 No. 92-50071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene French appeals his sentence imposed under the United States Sentencing Guidelines following his guilty plea to possession of counterfeit currency and counterfeit currency making implements in violation of 18 U.S.C. §§ 472 & 474. French contends that the district court erred by denying him a two-level downward adjustment in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On March 22, 1991, a federal grand jury returned a two-count indictment charging French with (1) possession of counterfeit currency and (2) possession of counterfeit currency making implements in violation of 18 U.S.C. §§ 472 & 474.
 
 
 5
 On April 29, 1991, as part of a plea agreement with the government, French initially plead guilty to count one, possession of counterfeit currency. The plea agreement provided that the government would dismiss count two and recommend a two-level downward adjustment in French's offense level pursuant to U.S.S.G. § 3E1.1, provided French accepted responsibility for the first count. French plead guilty to the first count. In the initial presentence report, the probation officer recommended a two-level downward adjustment for acceptance of responsibility.
 
 
 6
 At the initial sentencing hearing on June 24, 1991, however, the government informed the court that it had received information that French had been involved in counterfeiting activities since his plea was entered on April 21, 1991 and was granted a continuance to investigate.
 
 
 7
 The government then filed a supplemental submission withdrawing its recommendation for a downward adjustment pursuant to section 3E1.1. The supplemental submission contained sworn statements from Secret Service Special Agent Donald Gawronski and from Brian McDaniels supporting the government's allegation that French had been involved in counterfeiting activities since his guilty plea.
 
 
 8
 McDaniels, a convicted felon, claimed to have met with French, a longtime acquaintance, in a bar in Joliet, Illinois in April 1991. McDaniels claimed to have overheard French ask McDaniels's brother, Kevin, to help French distribute counterfeit currency. McDaniels stated that he later contacted French in Los Angeles, who, after initially telling him he no longer was involved in that type of activity, agreed to give McDaniels "a few thousand in counterfeit money." According to McDaniels, French met with him in the Los Angeles area on or about May 30, 1991 and gave him approximately $5,000 in counterfeit currency.
 
 
 9
 In his declaration, Special Agent Gawronski identified the counterfeit currency seized from McDaniels as identical to the counterfeit currency seized from French. French offered the telephonic deposition of Kevin McDaniels, Brian's brother, to challenge the allegations. Kevin acknowledged that he met French "around April" in a bar in Joliet, Illinois, but denied discussing counterfeit currency. Kevin also denied that Brain was present that night, but did acknowledge that Brain was in the "Joliet area."
 
 
 10
 Subsequently, French moved to withdraw his guilty plea; the court granted his motion and set a trial date. Prior to trial, however, French plead guilty to both counts.
 
 
 11
 The court then ordered the probation officer to look into the allegations of post-plea counterfeiting. In a letter to the court, the probation officer concluded that the allegations indicated continued criminal conduct by French and recommend against a downward adjustment for acceptance of responsibility. At the sentencing hearing, the court denied French a two-level downward adjustment and sentenced him to 24 months.
 
 II
 Analysis
 
 12
 On appeal, French contends that (1) there was insufficient evidence presented that he had engaged in post-plea counterfeiting activities and (2) even if there were sufficient evidence, he was entitled to a downward adjustment pursuant to section 3E1.1 because he accepted responsibility for the crimes for the offense of conviction. These contentions lack merit.
 
 
 13
 We review the district court's denial of a downward departure pursuant to section 3E1.1 for clear error. United States v. Martinez-Gonzales, 962 F.2d 874, 878 (9th Cir.1992). Moreover, "[b]ecause the sentencing judge is 'in a unique position to evaluate a defendant's acceptance of responsibility,' his determination is entitled to 'great deference.' " Id. (quoting U.S.S.G. § 3E1.1, comment. (n. 5)).
 
 
 14
 Section 3E1.1 provides that a defendant may receive a two-level reduction in his offense level if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n. 1). The defendant bears the burden of showing by a preponderance of the evidence that he is entitled to such an adjustment. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990) (party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence). A defendant who merely enters a guilty plea, however, is not entitled to a sentencing redution as a matter of right. See United States v. Gonzalez, 897 F.2d 1018, 1019-20 (9th Cir.1990).
 
 
 15
 Whether the defendant voluntarily terminates or withdraws from criminal conduct or association is a consideration in deciding whether to grant a downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n. 1); United States v. Cooper, 912 F.2d 344, 345-46, 348 (9th Cir.1990) (fraudulent use of credit card four days prior to guilty plea on bank fraud charge supported denial of downward adjustment for acceptance of responsibility despite guilty plea and written statement of remorse).
 
 
 16
 Here, the district court specifically found that French was "not entitled to credit for acceptance of responsibility since he was still in possession of counterfeit currency after his plea of guilty, and while he was awaiting sentence." In light of the physical evidence linking French to the post-plea counterfeit activities and the testimonial evidence tending to support the government's allegations, the district court did not clearly err by concluding that French had failed to demonstrate by a preponderance of the evidence that he had accept responsibility. See Cooper, 912 F.2d at 348 (court "legitimately considered evidence of [the defendant's] continued criminal conduct" in its decision to deny a downward adjustment for acceptance of responsibility); Howard, 894 F.2d at 1090 (burden on party seeking to alter offense level).
 
 
 17
 Moreover, once the court concluded that French had engaged in post-plea counterfeit activities, it did not clearly err by finding that French's admission of guilty as to the charged offenses and his expression of "a degree of remorse" did not entitle him to a downward adjustment pursuant to section 3E1.1 See U.S.S.G. § 3E1.1, comment. (n. 1); Gonzalez, 897 F.2d at 1019-20 (defendant who enters a guilty plea is not entitled to a sentencing reduction as a matter of right).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3