**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roslyn COOPER, Defendant–Appellant.**

No. 89–10524.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1990.

Decided Aug. 24, 1990.

Suzanne A. Luban, Asst. Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Samuel Wong, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge,
SNEED and NOONAN, Circuit Judges.

GOODWIN, Chief Judge:

In February, 1989, defendant-appellant Roslyn Cooper was charged in a four-count indictment with bank fraud (in violation of 18 U.S.C. § 1344), false use of a credit card (18 U.S.C. § 1029) (two counts), and mail fraud (18 U.S.C. § 1341). Pursuant to a plea agreement with the government, Cooper pled guilty to bank fraud and the other counts were dropped. Cooper was sentenced to serve a prison term of twelve months and a three-year period of supervised release, and a restitution order was entered in the amount of $9200.43. Cooper challenges the district court's interpretation and application of sections 3E1.1 and 3C1.1 of the Sentencing Guidelines.

Cooper's conviction arises out of her involvement in a credit-card scheme, in which she and her ex-husband applied for numerous credit cards using false names and financial information. Several months pri-

or to her indictment, Cooper confessed her involvement in the scheme to a U.S. Attorney. As noted, Cooper subsequently entered into a plea agreement with the government in which she assented to provide information about her ex-husband's participation in their venture and to plead guilty to the bank-fraud count.

After Cooper's plea was entered, Probation Officer Charles Gray prepared a presentence report (PSR) in which he recommended that she be awarded a two-level reduction under section 3E1.1 of the Guidelines for acceptance of responsibility and that she be sentenced to serve a five-year period of probation. Gray based his recommendation upon the apparent remorse exhibited by Cooper in a handwritten statement she submitted to him.

On August 21, 1989, the date originally set for sentencing, the government informed the court that it had obtained new evidence indicating that Cooper was involved in additional fraudulent activity not previously uncovered during the presentence investigation. The district court continued the hearing to allow the probation officer to look into the matter further, and on September 29, 1989, Gray filed a supplemental PSR revealing that on April 26, 1989, four days before she entered her guilty plea, Cooper had fraudulently purchased a new car using a false name and false credit information.

Cooper had represented that she owned no assets on the "Personal Financial Statement" defendants are required to complete as part of the presentence investigation process. Viewing this misrepresentation as an attempt by Cooper to portray herself as destitute and thereby avoid imposition of a fine or restitution order, in the supplemental PSR Gray recommended a two-level increase in Cooper's offense level under Guidelines section § 3C1.1 for obstruction of justice. In addition, because the fraudulent automobile purchase established Cooper's continued involvement in illegal activities, notwithstanding her proffered statement of remorse, Gray also withdrew his recommendation of the reduction for acceptance of responsibility.

The revised recommendations resulted in Cooper's being assigned an offense level of thirteen, corresponding to a guidelines range of 12–18 months incarceration. The supplemental PSR recommended and the district court imposed a prison term of twelve months, with three years supervised release.

Cooper contends that the district court erred in denying her the previously recommended reduction for acceptance of responsibility and in applying the two-level increase for obstruction of justice. She also argues that the district court's application of those two sections violated her fifth amendment right against self-incrimination.

## A. *Acceptance of Responsibility*

This court has determined that whether or not a defendant has accepted responsibility for his crime is a factual issue, subject to the clearly erroneous standard of review. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990). In addition, the Commentary to § 3E1.1 emphasizes that:

> [t]he sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless it is without foundation.

Application Note 5.

■ Section 3E1.1 instructs the district court to reduce a defendant's offense level by two points if it finds that he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Section 3E1.1 makes clear that entering a guilty plea does not entitle a defendant to the reduction as a matter of right. *See Gonzalez*, 897 F.2d at 1020 (citing Application Note 3, § 3E1.1); *United States v. Guarin*, 898 F.2d 1120, 1122 (6th Cir.1990).

The district court below found that the additional fraudulent activity engaged in by Cooper, notwithstanding her assertions of having terminated her wrongdoing in

November of 1987 and of deep remorse for her crimes, rendered her statements not credible and precluded award of the two-level reduction. Overruling Cooper's objections to the supplemental PSR, it remarked:

> As the U.S. points out in their response to defendant's objections, defendant is not entitled to this reduction simply because she pled guilty. The burden is on the defendant to show sincere acceptance of responsibility. Her continued involvement in fraudulent activity belies that acceptance.

ER at 59.

Citing *United States v. Perez–Franco,* 873 F.2d 455 (1st Cir.1989), Cooper argues that the district court impermissibly based its denial of the two-level reduction upon her failure to inform the probation officer of and accept responsibility for the fraudulent automobile purchase, despite the fact that that activity was not part of the offense with which she was charged. In *Perez,* the First Circuit held that a sentencing court could not penalize a defendant by denying him the reduction for acceptance of responsibility where its denial was based upon the defendant's refusal to make statements which could incriminate him on charges to which he had not pled guilty. 873 F.2d at 459. It further concluded that "the only plausible reading of the Guidelines for cases in which a plea agreement has been made, is that 'acceptance of personal responsibility for his criminal conduct' means the criminal conduct to which the defendant pleads guilty." *Id.*

While we note in passing that at least two other circuits have rejected the holding and reasoning of *Perez*[1], we decline to express an opinion on the position taken by the First Circuit because *Perez* is clearly distinguishable from the case presented here. The district court's denial of Cooper's request for the two-level reduction was premised upon a finding that she had not met her burden of showing sincere contrition *for the offense with which she*

*was charged,* not upon her failure to own up to the fraudulent car purchase. *See United States v. Oliveras,* 905 F.2d 623, 631 (2d Cir.1990) (distinguishing from *Perez* cases affirming district courts' denial of the acceptance-of-responsibility credit which rested upon deference to the sentencing judge's credibility determination that the defendant had not accepted responsibility for the crimes of which he had been convicted).

Although the Ninth Circuit appears not to have previously addressed the issue directly, it is well established in a substantial number of other circuits that a district court may consider continued criminal conduct by a defendant as evidence of a lack of sincere remorse and, accordingly, deny the two-level reduction under 3E1.1, even in the face of a defendant's assertions to the contrary or agreement to plead guilty. In *United States v. Sanchez,* 893 F.2d 679 (5th Cir.1990), for example, the Fifth Circuit found that, given the defendant's failure to abide by the conditions of his pre-trial release in attempting to purchase a firearm and continuing to use drugs, the district court was justified in denying the two-level reduction under 3E1.1, despite the defendant's surrender to police upon learning of the outstanding warrant for his arrest and guilty plea. Observing that "the *'Background'* explanation to § 3E1.1 suggests that a showing of 'sincere remorse' by the accused is the underlying rationale for reducing a sentence," it held that the district court "had every reason to conclude that Sanchez's involvement with firearms and controlled substances demonstrated a lack of remorse to justify [the] reduction." *Id.* at 681 (citing *United States v. Jordan,* 890 F.2d 968 (7th Cir. 1989)).

In *Jordan* the district court denied the defendant's request for the reduction on the basis of his undisputed participation in two separate incidents of drug-related activity (use of cocaine and dealing to minors) during the presentence period. 890 F.2d at

---

1. *United States v. Gordon,* 895 F.2d 932 (4th Cir.1990); *United States v. Tellez,* 882 F.2d 141

(5th Cir.1989).

974. It acknowledged Jordan's plea of guilty and admission of responsibility for the offense of conviction, but nevertheless "was persuaded that 'this is one of those cases where the old adage actions speak louder than words certainly comes into play.'" *Id.* at 971.

■ Finding that the district court had exercised its discretion properly in denying the reduction, the Seventh Circuit remarked that:

> Just as it is difficult to credit Jordan with acceptance of responsibility in light of his continued drug dealing, it is also hard to see how his use of cocaine while awaiting sentencing for dealing in that drug is consistent with acceptance of responsibility for that crime.

*Id.* at 974; *see also United States v. Wivell*, 893 F.2d 156, 159 (8th Cir.1990) (holding that the defendant's arrest for drug dealing while he was out on bond awaiting sentencing justified the district court's decision to deny the 3E1.1 credit, even though defendant had pled guilty and expressed remorse and a need for drug treatment); *United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990); *United States v. Davis*, 878 F.2d 1299, 1301 (11th Cir.) (no clear error in district court's decision to deny award of two-point reduction for acceptance of responsibility based on conclusion that defendant's continued drug use while out on bond was inconsistent with having accepted responsibility for her criminal conduct), *cert. denied,* — U.S. ——, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989). Similarly, Cooper's subsequent fraudulent purchase of the car detracts from the credibility of her expressions of remorse for the fraudulent activities of which she was convicted.

In the original PSR the probation officer noted that the investigation by Secret Service agents revealed that, although Cooper claimed in her statement that she had terminated all fraudulent behavior once she separated from her husband, in fact she had continued to use fraudulently acquired credit cards for two months after that time. Considered alone this information was in-

sufficient to prevent him from recommending that the district court award Cooper the two-level reduction for acceptance of responsibility, but, viewed together with the subsequently discovered evidence of an even longer period of continued fraudulent activity than Cooper had acknowledged and expressed remorse for, the probation officer revised his estimation of Cooper's sincerity and withdrew the recommendation in the supplemental PSR.

After hearing the defendant's objections, the district court accepted the findings and recommendation of the supplemental report. We find no clear error in its decision to do so.

■ Again invoking *Perez*, Cooper also argues that the district court's denial of the two-level reduction for acceptance of responsibility violated her fifth amendment right against self-incrimination because it was based upon her withholding of information which could subject her to additional criminal charges. Appropos of our conclusions above, we find this argument to be without merit.

The *Perez* court held that predicating a reduction in sentence upon the defendant's making self-incriminating statements with respect to counts that were to be dismissed pursuant to a plea agreement would violate the fifth amendment. It premised its holding upon the recognition that a plea agreement may unravel at any time and that some statements made by a defendant during plea negotiations may be admissible in other litigation. 873 F.2d at 460. The Second Circuit recently approved the holding in *Perez* when faced with a similar set of facts: a district court explicitly refusing to award the defendant the 3E1.1 adjustment because of the defendant's failure to admit responsibility for conduct which served as the basis for a criminal charge dismissed by the prosecution as part of a plea agreement. *Oliveras*, 905 F.2d at 632.

That set of facts is not before us. As noted previously, the *Oliveras* court specifically distinguished its case from other Second Circuit opinions which affirmed the district court's denial of the acceptance-of-responsibility credit out of "deference to

**348**

the sentencing judge's determination that the defendant had not accepted responsibility for the crimes of which he had been convicted." *Id.* at 631. Such is the case here. At no time did the district court indicate that it was basing its denial of the credit upon Cooper's failure to accept responsibility for the three dismissed indictment counts or to admit and show contrition for the fraudulent purchase of the automobile. Instead, it legitimately considered evidence of Cooper's continued criminal conduct, about which she dissembled, to belie her professions of remorse and acceptance of responsibility *for the offense of conviction.* *See Guarin,* 898 F.2d at 1122 ("*Perez–Franco* is instructive only when, absent the district court's allegedly illegitimate expectation, there is clear evidence that the defendant actually accepted responsibility" for the crime of conviction).

## B. *Obstruction of Justice*

 In pronouncing its sentence in this case, the district court made the following declaration:

> [D]efendant argues that her offense level should not be increased two levels for obstruction of justice ... citing the First District [sic: Circuit] *Perez–Franco* case. However, it's distinguishable.

> Here defendant lied about a material matter. In the *Perez* case there was a non-disclosure and that's important. But in any event, on this issue, that is, an increase of two levels for obstruction of justice[,] I don't have to resolve that issue because it makes no difference.

> If the two-level increase for obstruction of justice were not made, the adjusted total offense level would be eleven with a criminal history category of one, that equals a sentencing range of 8–14 months. Since I intend to follow the Probation Officer's recommendations and sentence within the Guidelines, imprison the defendant for 12 months, it makes no difference whether I increase by two lev-

els or not, in either case I would be within the Guidelines with a 12–month sentence.

Given that the district court would have imposed the same sentence regardless of its determination on the obstruction-of-justice issue, our resolution of the parties' dispute on this matter would be purely advisory. Accordingly, consistent with our recent decisions in *United States v. Munster–Ramirez,* 888 F.2d 1267 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1951, 109 L.Ed.2d 313 (1990), and *United States v. Turner,* 881 F.2d 684 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989), we decline to review Cooper's allegations of error in the district court's application of 3C1.1.

AFFIRMED.