942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane CORDOBA, Defendant-Appellant.
 No. 90-10298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Cordoba appeals his sentence, following a guilty plea, for failure to appear for sentencing in violation of 18 U.S.C. § 3146(a)(2) and bank fraud in violation of 18 U.S.C. § 1344. Cordoba contends that the district court erred by failing to adjust his offense level downward for acceptance of responsibility pursuant to the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The district court's decision that a defendant has not accepted responsibility for his actions is a factual finding reviewed for clear error. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). To receive a two-level downward adjustment for acceptance of responsibility, the defendant must show contrition for the criminal act.[1] Id.; see also U.S.S.G. § 3E1.1. The district court is entitled to give little weight to defendant's self-serving statements, United States v. Smith, 905 F.2d 1296, 1301, (9th Cir.1990), and continued criminal activity detracts from the credibility of expressions of remorse, see, e.g., United States v. Cooper, 912 F.2d 344, 347-48 (9th Cir.1990).
 
 
 4
 Cordoba contends that the district court clearly erred by not awarding the downward adjustment because he admitted his guilt and voluntarily entered a psychiatric treatment program designed to correct certain behavioral problems underlying his offense. Nevertheless, Cordoba had committed the fraudulent activity while a fugitive under criminal sentence for a similar offense. At sentencing, the district court noted that Cordoba's expressions of regret focused largely on his behavioral problems and the consequences of his criminal conduct on his own life, with little regard for the consequences to his victims. Although Cordoba refused to speak to the probation officer about his conduct in the instant offense, the probation officer noted that Cordoba had offered similar explanations and expressions of regret when interviewed following his guilty plea to the earlier fraud charge. In light of these facts, there was no clear error in the district court's finding that Cordoba had not accepted responsibility for his actions. See Ramos, 923 F.2d at 1360-61.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to defendant's assertion, the entry of a guilty plea does not shift the burden to the government to show that defendant has not accepted responsibility. See Ramos, 923 F.2d at 1360