979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
German MORENO, Defendant-Appellant.
 No. 92-50074.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 19, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 German Moreno pled guilty to one count of conspiracy to transport illegal aliens, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1324(a)(1)(B). Moreno argues on appeal that the district court erred by failing to hold a sentencing hearing pursuant to Fed.R.Crim.P. 32(c)(3)(D), and as a result, improperly found that defendant had not accepted responsibility, that defendant was a leader or organizer of the conspiracy, and that an upward departure was warranted due to the large number of aliens involved and the cruel and inhumane treatment of the aliens. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Fed.R.Crim.P. 32(c)(3)(D) provides, in part:
 
 
 4
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 5
 The rule does not require an evidentiary hearing where there is no dispute about the facts necessary to sentencing. See United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (no dispute as to facts in presentence report).
 
 
 6
 In Moreno's Response and Objections to the Pre-Sentence Report, he stated that he "concurs with the information set forth in the pre-sentence report" with respect to offense conduct.[1] He also filed Formal Objections to the Government's Sentencing Memorandum and Request for Upward Departure, which said, among other things:
 
 
 7
 Defendant, in his response and objection to the presentence report failed to specifically object to the presence of illegal aliens in the cargo area of the Toyota pickup truck observed on April 16, 1991. Defendant now specifically files an objection to this fact.
 
 
 8
 At sentencing, however, his attorney stated that Moreno's "version of what happened is contained in the presentence report."
 
 
 9
 In imposing judgment, the district court clearly stated that it was relying only on the information contained in the presentence report:
 
 
 10
 I'm basing my decision on the sentence based upon the presentence report and the addendum to the presentence report and not upon the government's motion papers nor the defense motion papers. I want to make that very clear. This sentence is based upon the presentence report.
 
 
 11
 To the extent that Moreno's objections to the government's sentencing memorandum conflicted with the presentence report, the objection was abandoned at the hearing. In any event, the court's statement adopting the presentence report, which was Moreno's version, constitutes an adequate finding of facts necessary to sentencing.
 
 II
 
 12
 A district court's interpretation of the Sentencing Guidelines is reviewed de novo. See United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). The district court's factual determinations under the guidelines are entitled to clearly erroneous review. See United States v. Martinez-Duran, 927 F.2d 453, 459 (9th Cir.1991) (organizing/managerial role in offense); United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990) (acceptance of responsibility).
 
 
 13
 The district court adjusted Moreno's base offense level of nine, see U.S.S.G. § 2L1.1(a)(1), upward two levels pursuant to Sentencing Guidelines § 3B1.1(c), which provides for such an increase, "[i]f the defendant was an organizer, leader, manager, or supervisor." U.S.S.G. § 3B1.1(c). In deciding whether a defendant performed one of these roles,
 
 
 14
 [f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 15
 U.S.S.G. § 3B1.1, Application Note 3. See also United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (quoting Application Note 3). Here, the presentence report contained evidence that Moreno had rented various vehicles to transport aliens, that he received one third of the smuggling fees earned by his codefendant, and that the offense involved a large number of aliens. Based on these facts, the district court did not err in finding that Moreno was an organizer.
 
 
 16
 The district court also found that Moreno did not accept responsibility. In determining whether an adjustment for acceptance of responsibility should be granted, the district court may consider the " 'truthfulness, completeness, and reliability' of defendant's statements." United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). The court may also consider whether the defendant "voluntarily surrender[ed] to authorities promptly after commission of the offense." U.S.S.G. § 3E1.1, Application Note 1(d). Moreover, the mere fact that a defendant pled guilty does not entitle him to a reduction for acceptance of responsibility. See United States v. Cooper, 912 F.2d at 345. Moreno refused to offer a statement to the probation officer and fled when the police first tried to apprehend him. The presentence report also found that Moreno "minimized his role in the conspiracy." Under these circumstances, the district court did not err in finding that Moreno did not accept responsibility.
 
 III
 
 17
 Moreno also argues that the district court erred in departing upward from the Sentencing Guidelines based on the large number of aliens involved and cruel and inhumane treatment of the aliens. We review departures from the Sentencing Guidelines under the three step approach of United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc).
 
 
 18
 First, the district court must have legal authority to depart from the guidelines--that is, it must identify an aggravating circumstance which was not taken into account in formulating the guidelines. See id. at 746. The commentary to § 2L1.1 states that "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." U.S.S.G. § 2L1.1, Application Note 8.
 
 
 19
 Second, we review for clear error the factual findings on which the district court relied in departing. See Lira-Barraza, 941 F.2d at 746-47. Because Moreno did not dispute the factual findings in the presentence report, these facts meet the clearly erroneous standard. See id. at 747.[2]
 
 
 20
 Third, the district court's departure must not be "unreasonable" within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2). See id. In this case, the presentence report identified over forty aliens who were smuggled by Moreno. This number only includes aliens who were actually observed, and does not include any aliens who may have been inside vehicles which were observed on other occasions. The district court adopted the finding of the presentence report that a four-level departure was justified based upon the fact that about 250 aliens per month were smuggled. Furthermore, the aliens were transported in the cargo compartments of rental trucks and in compartments in the beds of pickup trucks, underneath bags of fertilizer. Under these circumstances, the district court's four-level upward departure for the large number of aliens and two-level upward departure for cruel and inhumane treatment of the aliens were not unreasonable.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreno did object to certain adjustments and departures recommended in the presentence report. The probation officer addressed these non-factual objections in an addendum to the presentence report
 
 
 [2]
 As noted above, Moreno's objection "to the presence of illegal aliens in the cargo area of the Toyota pickup truck observed on April 16, 1991" was abandoned at sentencing. Further, this finding is not clearly erroneous. The presence of the aliens was observed by a Border Control agent and Moreno offered no evidence to contradict the finding