996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donise WARREN, Defendant-Appellant.
 No. 92-50714.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donise Warren appeals her 18-month sentence under the United States Sentencing Guidelines following her guilty plea to production of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1). Warren contends that the district court erred by denying her a downward adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, and that the government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Warren was arrested on February 6, 1991, after a search of her apartment uncovered extensive evidence of credit and credit card fraud. Following her arrest, she waived her rights under Miranda v. Arizona, 384 U.S. 436 (1966), and admitted that she and her boyfriend had been heavily involved in credit card fraud for a year and a half. A jury trial ended in a mistrial on May 14, 1991.
 
 
 5
 On June 12 and 13, 1991, while Warren was free on bond pending retrial, state charges were filed against her based on further acts of credit fraud committed between April 11 and May 24, 1991. Warren was arrested and held in state custody on those charges. On June 2, 1992, she pleaded guilty to state charges of Grand Theft.
 
 
 6
 On June 9, 1992, pursuant to a plea agreement, Warren entered a guilty plea to producing counterfeit access devices as charged in Count 1 of the federal indictment. On the advice of counsel, Warren declined to be interviewed by the probation officer charged with preparing the presentence report. The district court declined to grant Warren a two-level downward adjustment for acceptance of responsibility.
 
 II
 Acceptance of Responsibility
 
 7
 Warren contends that she should have received a reduction for acceptance of responsibility because she admitted the conduct underlying the offense of conviction, pleaded guilty, and expressed remorse to the court at her sentencing hearing. She contends that under the amended version of § 3E1.1, effective November 1, 1992, the district court improperly considered her refusal, on advice of counsel, to be interviewed by a probation officer. This contention is without merit.
 
 
 8
 We review for clear error the district court's denial of a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. United States v. Ford, 989 F.2d 347, 352 (9th Cir.1993). The sentencing judge's determination is entitled to great deference. § 3E1.1, comment. (n. 5).
 
 
 9
 Section 3E1.1, as amended effective November 1, 1992, allows a two-level reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." For purposes of this section, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1, comment. (n. 1(b) (1992) (formerly n. 1(a)). A defendant may remain silent about relevant conduct beyond the offense of conviction without affecting her eligibility for a reduction pursuant to this section. § 3E1.1, comment. (n. 1(a)). The district court is not precluded, however, from considering a defendant's refusal to make a statement to a probation officer. See § 3E1.1, comment. (n. 1 and 3); see also United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) (applying earlier version of § 3E1.1); cert. dismissed, 112 S.Ct. 353 (1991).
 
 
 10
 Here, although the district court considered Warren's refusal to speak to the probation officer charged with preparing the presentence report, it denied Warren a reduction for acceptance of responsibility based on her undisputed continuing criminal conduct after her release on bond. Warren's repeated criminal activity, which occurred between the time she was released on bond pending trial and the time she was placed in custody on state charges, is inconsistent with "voluntary termination or withdrawal from criminal conduct." See § 3E1.1, comment. (n. 1(b)). Moreover, it is evidence that belies the sincerity of Warren's statements of remorse for the offense of conviction, particularly where, as here, the later conduct is almost identical to the conduct underlying the offense of conviction. See United States v. Ford, 989 F.2d 347, 352-53 (9th Cir.1993) (continued concealment of tax records in tax evasion case); United States v. Cooper, 912 F.2d 344, 347 (9th Cir.1990) (continued use of fraudulently acquired credit cards). The district court did not clearly err in denying a reduction for acceptance of responsibility on the basis of Warren's continued criminal activities. Cooper, 912 F.2d at 347.
 
 III
 Breach of Plea Agreement
 
 11
 Warren contends that the government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility. The record does not support this assertion.
 
 
 12
 Although the probation officer who prepared the presentence report recommended denying the reduction, the government did recommend granting it. Warren conceded this fact during her hearing on her Motion to Modify Sentence. She contends, nevertheless, that the government undermined its recommendation in favor of the reduction by stating at the sentencing hearing that at the time the plea agreement was made, the government expected that Warren would consent to being interviewed by a probation officer. The government made that statement in answer to a question by the court. The government did not withdraw its recommendation in favor of the reduction for acceptance of responsibility, or offer any argument against it. There was no breach of the plea agreement.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Warren's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3