5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John G. WESTINE, Jr., Defendant-Appellant.
 No. 91-50251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John G. Westine, Jr., appeals his 21-month sentence imposed after entry of a guilty plea to failure to surrender for service of sentence in violation of 18 U.S.C. Sec. 3146(a)(2). Westline was previously convicted of income tax evasion and failing to file an income tax return in violation of 26 U.S.C. Secs. 7201, 7203. Westine contends the district court erred by denying him a two level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination that a defendant has not accepted responsibility for his criminal conduct. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). To receive a two-level reduction for acceptance of responsibility, the defendant must show sincere contrition for the criminal act. Id.; see also U.S.S.G. Sec. 3E1.1 (1991). The district court is entitled to give little weight to defendant's self-serving statements, United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990), and continued criminal activity detracts from the credibility of expressions of remorse, see, e.g., United States v. Cooper, 912 F.2d 344, 347-48 (9th Cir.1990).
 
 
 4
 Here, on August 5, 1991, the weekend prior to his surrender date for the tax convictions, Westine fled to Vancouver, British Columbia. Shorty thereafter, Westine purchased a house in his wife's name, opened a business office and deposited over $200,000 into his commercial bank account.
 
 
 5
 On September 20, 1990, the Canadian Immigration Service issued a warrant for Westine's arrest after determining that he had previously been deported from Canada and had returned without consent. After being taken into custody, Westine made a claim for refugee status, claiming persecution in the United States. He also attempted a constitutional challenge to the applicable sections of the Canadian Immigration Act. In spite of Westine's efforts, the Canadian Immigration Service ordered him deported. Westine subsequently withdrew his claim for refugee status and was deported to the United States on October 24, 1990. On April 1, 1991, Westine pleaded guilty to the current offense.
 
 
 6
 At sentencing, Westine argued that he should be allowed a two-point reduction for acceptance of responsibility because he had no intention of establishing a permanent residence in Canada and that he had every intention of returning to the United States and surrendering to the federal authorities. The district court disagreed, finding that Westine's actions in Canada contradicted his statements before the court. The court concluded that Westine's return to the United States was the result of his "succumbing to the inevitable" rather than the result of any genuine remorse he may have felt over his actions. We agree. In light of the circumstances, the district court did not clearly err by denying Westine a two-point reduction for acceptance of responsibility.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3