48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nina Kay JORDAN, aka Nina Kay Gilcrist, Defendant-Appellant.
 No. 94-30246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nina Kay Jordan appeals her forty-six month sentence imposed following entry of a guilty plea to two counts of possession of stolen mail in violation of 18 U.S.C. Sec. 1708, and one count of bank fraud in violation of 18 U.S.C. Sec. 1344. Jordan contends the district court erred by: (1) denying a reduction in her offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1; and (2) failing to resolve disputed factual matters in the presentence report ("PSR") in violation of Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Acceptance of Responsibility
 
 
 4
 Whether a defendant has accepted responsibility for his offense is a factual determination we review for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The sentencing judge's evaluation is entitled to great deference on review. Id. (citing U.S.S.G. Sec. 3E1.1 comment. (n. 5)).
 
 
 5
 The Sentencing Guidelines provide for a two-level decrease in offense level if the defendant clearly demonstrates acceptance of responsibility for the offense. U.S.S.G. Sec. 3E1.1(a) (1993). The court may grant an additional one-level reduction if the defendant pleads guilty in a timely manner. U.S.S.G. Sec. 3E1.1(b) (1993). Among the factors the court may consider when making this determination is whether the defendant voluntarily terminated criminal conduct. See U.S.S.G. Sec. 3E1.1, comment. (n. 1(b)).
 
 
 6
 The district court may consider a defendant's continued criminal conduct as evidence of a lack of remorse for the offense of conviction, in spite of the defendant's statements to the contrary. United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990). The defendant's subsequent commission of a similar crime "detracts from the credibility of her expressions of remorse ..." for the crimes of which she was convicted. Id. at 347.
 
 
 7
 Jordan contends that the district court erred by denying a downward adjustment for acceptance of responsibility because the court was acting under the mistaken belief that Jordan's commission of a crime while free on bond precluded the reduction. We disagree. The record indicates that the district court considered Jordan's request for the reduction, and made a factual finding that Jordan had failed to accept responsibility for her offense.
 
 
 8
 In the PSR, the probation officer recommended against decreasing Jordan's offense level for acceptance of responsibility because Jordan's commission of a similar crime while free on bond indicated a lack of remorse.[1] Jordan objected to the PSR, arguing that her timely guilty plea and her expressed desire to make restitution evidenced acceptance of responsibility. The probation officer submitted an addendum to the PSR which summarized Jordan's objections and concluded:
 
 
 9
 [I]t appears that there was a lack of remorse in regards to the first two counts as the defendant committed the third count while on bond pending adjudication. Although the defendant was not charged with obstruction, it was felt that the commission of a new offense while on bond, precluded the granting of acceptance of responsibility.
 
 
 10
 Jordan relies on the probation officer's use of the word "precluded" to argue that the court's adoption of the PSR demonstrates that the court erroneously believed it was legally precluded from granting the adjustment. This argument is unpersuasive. At the sentencing hearing, the district court heard Jordan's argument for the acceptance of responsibility adjustment as well as several other bases for sentence mitigation. The district court sentenced Jordan within the guideline range and denied a reduction for acceptance of responsibility. The district court stated: "And lastly, the fact that she was released on bail and she went out and she did it again, and that is the thing that I just cannot overlook."
 
 
 11
 The court properly considered Jordan's continuing criminal conduct in determining that Jordan had not accepted responsibility for her offense. See U.S.S.G. Sec. 3E1.1 comment. (n. 1(b)); see also Cooper, 912 F.2d at 347 (district court properly determined that defendant's acceptance of responsibility was not credible when defendant committed another crime prior to sentencing). Accordingly, the district court's determination that Jordan is not entitled to a decrease for acceptance of responsibility is not clearly erroneous. See id.; Gonzalez, 897 F.2d at 1020.
 
 II
 Rule 32
 
 12
 Jordan also contends that the district court erred by failing to resolve disputed factual matters in the PSR. This contention lacks merit. Rule 32 provides that if the defendant or his counsel alleges any factual inaccuracy in the PSR, the court shall make a finding regarding that allegation. Fed.R.Crim.P. 32(c)(3)(D); United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Contrary to Jordan's suggestion, there were no substantial factual disputes requiring the district court to make a specific factual finding. Although Jordan objected to the PSR's recommendation to deny the acceptance of responsibility adjustment, she did not dispute the factual basis upon which it was made.[2] Accordingly, the district court properly adopted the facts contained in the PSR because they were not disputed. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jordan was initially arrested on charges of mail theft and was released on a home electronic monitoring system. Several months later, Jordan was arrested for a new incident of mail theft and her bond was revoked. In a letter to the court, Jordan stated that she committed the initial offenses because her husband left her and she was depressed, and that she committed the crime while on bond to obtain money for her disabled daughter
 
 
 [2]
 At the sentencing hearing, Jordan's counsel stated:
 "On this issue I feel there is no dispute as to the facts as to what happened, and I don't believe there is a dispute as to the law. It's within the court's discretion to determine whether or not under all these circumstances my client did accept responsibility."