107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin LUCKY, Defendant-Appellant.
 No. 95-30385.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Lucky appeals his 210-month sentence imposed following this court's remand for resentencing. Lucky pleaded guilty to renting or managing a drug establishment, in violation of 21 U.S.C. § 856(a). Lucky contends that the district court erred by refusing to calculate his base offense level under U.S.S.G. § 2D1.8(a)(2), and by denying him a three-level reduction for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual findings during the sentencing phase, United States v. Thompson, 80 F.3d 368, 370 (9th Cir.1996); United States v. Lipsey, 62 F.3d 1134, 1135 (9th Cir.1995), and we affirm.
 
 
 3
 Lucky contends that his base offense level should be calculated according to U.S.S.G. § 2D1.8(a)(2), because he only rented the hotel rooms for a friend who happened to have drugs with him.
 
 
 4
 A defendant who allows use of the premises for the purpose of distributing, storing, or using drugs, but who did not participate in the underlying drug offense may be entitled to a reduction of up to four levels. U.S.S.G. § 2D1.8(a)(2). Section 2D1.8(a)(2) is inapplicable if the defendant allowed use of multiple premises, guarded the drugs, or took any part in the underlying drug offense. U.S.S.G. § 2D1.8 comment (n. 1).
 
 
 5
 Here, Lucky rented two rooms for his friend, Ed Armstead, knowing that Armstead was a drug dealer. Lucky also loaned Armstead his luggage, after seeing a bag of crack sitting on top of Armstead's clothing. Finally, Lucky transported the luggage from his room, to his car, and drove away with it, knowing that it contained Armstead's clothing and some quantity of crack cocaine.[1]
 
 
 6
 The district court determined that Lucky was involved in the underlying drug offense because he was in sole possession of the 78.7 grams of crack that was discovered in his luggage. Moreover, Lucky had prior offenses for dealing crack, and admitted to having dealt crack with Armstead in the past. Because Lucky claimed ownership of the luggage, was in sole possession of the luggage, and knew of the drug's presence, the district court did not clearly err by calculating his base offense level pursuant to U.S.S.G. § 2D1.8(a)(1), instead of U.S.S.G. § 2D1.8(a)(2).
 
 
 7
 Lucky also contends that he is entitled to a three-level downward reduction for acceptance of responsibility because he cooperated with law enforcement, confessed to the crime, and pleaded guilty.
 
 
 8
 A defendant is entitled to a reduction for acceptance of responsibility if he truthfully admits the conduct comprising the offense(s) of conviction, and truthfully admits or does not falsely deny any additional relevant conduct for which he is accountable under U.S.S.G. § 1B1.3. U.S.S.G. § 3E1.1, comment. (n. 1(a)). A sentencing judge's determination regarding acceptance of responsibility is entitled to great deference. U.S.S.G. § 3E1.1 comment. (n. 5); United States v. Flores, 93 F.3d 587, 590 (9th Cir.1996). A defendant who admits committing the actus reus, but who maintains a complete defense to the mens rea, is not entitled to an acceptance of responsibility reduction. United States v. Burrows, 36 F.3d 875, 883 (9th Cir.1994). A defendant who pleads guilty, but never expresses sincere contrition for his conduct, can properly be denied an acceptance of responsibility reduction. United States v. Rosales, 917 F.2d 1220, 1223 (9th Cir.1990). Pleading guilty does not entitle a defendant to acceptance of responsibility as a matter of right. United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990).
 
 
 9
 Here, Lucky testified, on direct examination, that he rented the rooms knowing that Armstead possessed drugs and was a drug dealer. Nevertheless, Lucky stated, on recross, that he had no idea Armstead would deal drugs from the rooms. Additionally, Lucky stated, during the presentence interview, that he rented the rooms for Armstead, because Armstead had no identification. During resentencing, however, Lucky testified that he rented the rooms because Armstead had an outstanding warrant for his arrest and, therefore, could not use his identification.
 
 
 10
 Although the government recommended a two-level reduction because of the guilty plea, the district court found that Lucky had not accepted responsibility. See Cooper 912 F.2d at 345. The district court determined that Lucky was not entitled to a reduction because he refused to admit that the crack in the luggage belonged to him, he changed his story regarding his knowledge of the crack, see Burrows, 36 F.3d at 883, gave inconsistent testimony, and showed no remorse. See Rosales, 917 F.2d at 1223. Accordingly, the district court did not clearly err by resentencing Lucky to the same term, after finding that he was not entitled to a three-level acceptance of responsibility reduction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lucky admitted that he knew the luggage contained crack, during his presentence interview with the probation officer. During resentencing, however, Lucky denied knowing that the crack was in the luggage