119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sofia WHITE, Defendant-Appellant.
 No. 96-10528.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-96-00147-EJG; Edward J. Garcia, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sofia White appeals the sentence imposed upon her guilty plea conviction for mail fraud for her role in a conspiracy to submit false disability claims to the State of California. White contends the district court erred by (1) enhancing her sentence for use of a special skill and (2) denying her a sentence reduction for acceptance of responsibility. We affirm.
 
 
 3
 White first contends that her sentence should not have been enhanced under U.S.S.G. § 3B1.3 for use of a special skill or abuse of a position of trust because she did not commit a difficult to detect crime or use a special skill. The district court's factual findings at sentencing are reviewed for clear error. See United States v. Petersen, 98 F.3d 502, 506-07 (9th Cir.1996).
 
 
 4
 As a preliminary matter, we reject White's contention that the district court violated her plea agreement by adding the sentence enhancement, because the record indicates the district court informed White when she entered her guilty plea that her plea agreement did not bind the court to any particular sentence. In addition, the district court did not clearly err when it concluded that White's employment in a doctor's office and her special knowledge of how to prepare medical forms to claim disability payments "allowed this fraud to last as long as it did for over 200 applications where she fraudulently prepared a medical examination and diagnosis form and fraudulently forged the doctor's signature to it." See id. (enhancement justified where defendant utilized skills not possessed by the general public which made it significantly easier to commit or conceal the crime).
 
 
 5
 Second, White contends that she is entitled to a three-level sentence reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility because she pled guilty before trial and accepted responsibility for her actions. Pleading guilty does not entitle a defendant to acceptance of responsibility as a matter of right. United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990). For the sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, a defendant is "required to recognize and affirmatively accept personal responsibility for [her] criminal conduct." United States v. Gonzalez, 16 F.3d 985, 991 (9th Cir.1994). She must not falsely deny any relevant conduct for which she is accountable. U.S.S.G. § 3E1.1, comment (n.1(a)). A sentencing judge's determination regarding acceptance of responsibility is entitled to great deference. United States v. Flores, 93 F.3d 587, 590 (9th Cir.1996).
 
 
 6
 Here, we conclude the district court did not err by denying White the acceptance of responsibility reduction based on the court's conclusion that White lied to the probation officer when she stated she did not receive any money for committing the offenses, and when White stated her intention was just trying to help patients she thought were in need. See United States v. Rosales, 917 F.2d 1220, 1223 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3