**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO JAVIER RODRIGUEZ,
AKA Javier LNU,

Defendant - Appellant.

No. 08-50313

D.C. No. 2:05-cr-00668-MMM-23

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted November 3, 2009[**]
Pasadena, California

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

Francisco Javier Rodriguez appeals the district court's imposition of a 168-

month sentence and $625,000 fine for violations of 21 U.S.C. §§ 841(a)(1),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

841(b)(1)(A), and 846. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court's determination that Rodriguez had not accepted responsibility, and therefore did not qualify for a three-level deduction in offense level, was not clearly erroneous because of Rodriguez's intervening drug-trafficking conduct. *See United States v. Cooper*, 912 F.2d 344, 346 (9th Cir. 1990). Moreover, the total sentence imposed was reasonable under 18 U.S.C. § 3553(a) because the district court relied on multiple factors, including Rodriguez's comparatively greater role in the drug conspiracy and the inability of the sentencing guidelines to capture the totality of Rodriguez's drug-trafficking conduct. *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). The district court's imposition of a $625,000 fine was reasonable given the financial information the district court had before it. *United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009).

Finally, the government's sentencing position was not plainly erroneous because the government's obligations under the plea agreement were not triggered unless Rodriguez accepted responsibility. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000).

**AFFIRMED.**