**NOT FOR PUBLICATION**

JUN 18 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50148 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03248-BTM-1 |
| v. | AMENDED |
| ARMANDO CABRERA-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted March 6, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Defendant-Appellant Armando Cabrera-Perez was convicted by a jury of

one count of illegal reentry in violation of 8 U.S.C. § 1326 and one count of

aggravated identity theft in violation of 18 U.S.C. § 1028A. On appeal, Cabrera-

Perez argues that the district court abused its discretion when it denied his request

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for a new attorney. Cabrera-Perez also argues that the district court erred at sentencing by refusing to grant him a two level reduction for acceptance of responsibility. "We review the denial of a motion for substitution of counsel for abuse of discretion," *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001), and the denial of a defendant's request for a downward adjustment for acceptance of responsibility under the clearly erroneous standard, *United States v. Cooper*, 912 F.2d 344, 345 (9th Cir. 1990), and affirm.[1]

1. In evaluating a district court's denial of a request for a new attorney, this Court considers three factors: "(1) the adequacy of the court's inquiry into the defendant's complaint, (2) the extent of the conflict between the defendant and counsel, and (3) the timeliness of the motion and the extent of resulting inconvenience or delay." *United States v. Cassel*, 408 F.3d 622, 637 (9th Cir. 2005). First, considering "the adequacy of the court's inquiry into the defendant's complaint," after Cabrera-Perez's trial counsel notified the district court that Cabrera-Perez had requested new counsel on the first day of trial, the district court excused the government and made a detailed inquiry into Cabrera-Perez's request. The district court allowed Cabrera-Perez to state his reasons why he wanted a new

_____

[1] We address one of the issues raised in this appeal in a concurrently filed published opinion.

attorney.  The district court considered each of these reasons, and, in the end, denied Cabrera-Perez's request.  In so doing, the district court made the following finding of fact: "the reason [Cabrera-Perez] want[ed] another lawyer [was] because [Cabrera-Perez was] unhappy with the deal that the government ha[d] offered."  Because the district court gave Cabrera-Perez "several opportunities to present his concerns and . . . gave every indication that it was willing to take [Cabrera-Perez] seriously," the district court conducted an "adequate inquiry."  *Cassel*, 408 F.3d at 637.

Second, considering "the extent of the conflict between the defendant and counsel," Cabrera-Perez's statements to the district court indicate that Cabrera-Perez and his trial counsel had an extremely strained attorney-client relationship.  However, the record does not support Cabrera-Perez's claim that there was a "complete communications breakdown" as in *Nguyen*, 262 F.3d at 1005.  Therefore, while Cabrera-Perez's "frustration and lack of trust in his attorney . . . weighs in favor of his request" for a new attorney, "nothing [Cabrera-Perez] said [to the district court] indicated . . . that the attorney-client relationship had broken down" to such a degree that the district court was required to grant the motion for new counsel.  *Cassel*, 408 F.3d at 638.

3

Third, considering "the timeliness of the motion and the extent of resulting inconvenience or delay," Cabrera-Perez waited until the first day of trial to make his request for a new attorney. "If granted [on the first day of trial], it would certainly have resulted in some delay, possibly substantial, as a new attorney became familiar enough with the case to represent [Cabrera-Perez] at [trial]." *Id.*

Therefore, as in *Cassel*, "[t]wo of the three relevant factors—the adequacy of the [district court's] inquiry and the timeliness of the defendant's request—weigh heavily in favor of the [district court's] decision not to grant [Cabrera-Perez's] request for new counsel." *Id.* While the third factor—the degree of conflict between client and attorney—provides some support for Cabrera-Perez's claim, the conflict here did not rise to the level of the conflict in *Nguyen*. We therefore hold that the district court did not abuse its discretion in denying Cabrera-Perez's motion for new counsel.

Assuming that Cabrera-Perez's counsel moved for a continuance, the district court did not abuse its discretion by denying the motion because Cabrera-Perez has not demonstrated that he "'has suffered prejudice as a result of the denial of his request.'" *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049–50 (9th Cir. 2000) (quoting *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.1985)).

2.  The district court denied Cabrera-Perez's request for a downward adjustment for acceptance of responsibility, concluding that Cabrera-Perez's "conduct during the trial" and his "obstruction of justice in this particular case" were "inconsistent with [his] accepting responsibility."  Given the high degree of deference afforded to the district court in such determinations, Cabrera-Perez simply cannot show that the district court's decision was "clearly erroneous." *Cooper*, 912 F.2d at 345.  In reaching its conclusion, the district court properly relied on its determination that Cabrera-Perez "intentionally and willfully obstructed and impeded the proceedings in this case by multiple outbursts in violation of court orders that were designed to derail and delay and impede the trial."  Moreover, as we noted in *United States v. Magana-Guerrero*, application note 4 to § 3E1.1 of the Sentencing Guidelines "explains that conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility."  80 F.3d 398, 401 (9th Cir. 1996).  We therefore hold that the district court did not clearly err in denying Cabrera-Perez's request for a sentencing reduction due to acceptance of responsibility.

**AFFIRMED.**