NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50278 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00995-LAB-1 |
| v. | |
| JUAN CARLOS GAMEZ-SALAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 3, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Juan Carlos Gamez-Salas appeals the sentence imposed after he was convicted under 8 U.S.C. § 1326. He also challenges the constitutionality of 8 U.S.C. § 1326, arguing that it violates the equal protection guarantee under the Fifth Amendment. "We review the district court's interpretation of the Sentencing Guidelines de novo," its "application of the Guidelines for abuse of discretion[,] and its factual findings for clear error." *United States v. Le*, 119 F.4th 700, 703 (9th Cir. 2024); *see also United States v. Green*, 940 F.3d 1038, 1041 (9th Cir. 2019). A district court abuses its discretion if that "discretion was guided by erroneous legal conclusions." *United States v. Connelly*, 156 F.3d 978, 982 (9th Cir. 1998). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Gamez-Salas first argues that the district court erred in denying him a two-level downward adjustment for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines, claiming that the district court failed to assess his personal contrition and relied on impermissible factors. These arguments fail.

"Under [§ 3E1.1(a) of] the Sentencing Guidelines, a district court has discretion to award a two-level downward adjustment to a defendant who clearly demonstrates acceptance of responsibility for his offense." *United States v. Gambino-Ruiz*, 91 F.4th 981, 991 (9th Cir. 2024) (internal quotation marks omitted). "[O]nly in 'rare situations' will a defendant who goes to trial be able to demonstrate

2

acceptance of responsibility." *Id.* District courts consider a list of non-exhaustive factors when determining whether a defendant qualifies for the acceptance of responsibility adjustment. *United States v. Cortes*, 299 F.3d 1030, 1038–39 (9th Cir. 2002).

The "key inquiry . . . is whether the defendant has demonstrated contrition," *United States v. Eyler*, 67 F.3d 1386, 1390–91 (9th Cir. 1995). If a defendant is contrite, then his exercise of constitutional rights—such as the right to a jury trial— cannot be held against him to refuse the adjustment. *Cortes*, 299 F.3d at 1038. If "the district court considered the defendant's objections and did not rest its decision on impermissible factors, no specific explanation of reasons is required for" a district court to find that the defendant did not accept responsibility. *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999).

The district court adequately considered Gamez-Salas's contrition. It "look[ed] back at the record of this fellow and how often he's committed the same offense." *See United States v. Cooper*, 912 F.2d 344, 346 (9th Cir. 1990) (noting that continued criminal activity may be "evidence of a lack of sincere remorse"). It also acknowledged that a defendant who exercises his constitutional rights instead of pleading guilty is eligible for a downward adjustment in "rare case[s]." This indicates that the district court considered whether Gamez-Salas showed contrition,

3

rather than considering only his exercise of constitutional rights, in denying the adjustment. And to the extent that Gamez-Salas raised his mental illness in his sentencing memo as a reason to apply the acceptance of responsibility adjustment, the district court considered it.

Nor did the district court consider impermissible factors in denying the adjustment. The district court noted that Gamez-Salas contested his guilt during trial, undermining his contention that he only went to trial to preserve what the district court considered an unlikely-to-prevail equal protection challenge. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1271 (9th Cir. 2013) (considering the defendant's "frivolous challenge to the evidence supporting an element of the offense as weighing against acceptance of responsibility"), *abrogation on other grounds recognized by United States v. Portillo-Gonzalez*, 80 F.4th 910 (9th Cir. 2023). And the district court permissibly considered Gamez-Salas's decision to contest his guilt at trial. *See Gambino-Ruiz*, 91 F.4th at 992 (citing § 3E1.1 cmt. 2) (explaining that when a defendant "contest[s] his guilt at trial by attempting to negate a key element of the offense" then the defendant's "motive at trial [is] clearly beyond merely 'preserv[ing] issues that do not relate to factual guilt'"). Finally, the district court permissibly considered Gamez-Salas's choice of a jury trial, rather than a quicker bench or stipulated-facts trial. *Id.* at 991 & n.9. We discern no legal error

4

in the district court's analysis of acceptance of responsibility nor clear error in its factual findings, and find no abuse of discretion in its denial of a downward adjustment.

2. Gamez-Salas's challenge to 8 U.S.C. § 1326 is foreclosed by *United States v. Carrillo-Lopez*, 68 F.4th 1144, 1154 (9th Cir. 2023) (holding that 8 U.S.C. § 1326 does not violate the Fifth Amendment's equal protection guarantee). We cannot overrule circuit precedent, and another circuit court's potential contrary decision does not change that. *See United States v. Flores-Montano*, 424 F.3d 1044, 1050 n.7 (9th Cir. 2005) (explaining that we may only overrule circuit precedent if it conflicts with "intervening higher authority") (internal citation and quotation marks omitted).

**AFFIRMED.**